JOHN C. JANES's (dependents') CASE.

Suffolk. January 16, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Workmen's Compensation Act. Practice, Civil,* Appeal.

Where, by a decree made under the workmen's compensation act, it is directed that a certain sum be paid to the administrator of the estate of a deceased employee, to be by him divided between the administrator of the estate of a child of the employee of tender years, who died one week after the employee

and had been living with him at the time of his injury, and the guardian of another child of tender years, the insurer is not entitled to be heard, upon an appeal by it alone from the decree, upon the question whether such a division is proper.

*Whether,* where one of two dependent children of tender years of an employee whose death resulted from injuries which called for payments to be made to his dependents under the provisions of the workmen's compensation act died about a week after his father, it is proper to direct that an allowance made under St. 1911, c. 751, Part II, § 6, of the act shall be divided equally and that one half of it shall be paid to the administrator of the estate of the deceased child and the other half to the guardian of the surviving child, here was not decided, the insurer alone appealing from a decree making such a division and having no right to be heard on that question.

RUGG, C. J. This is a case under the workmen's compensation act. The deceased employee, while a widower, died as a result of personal injuries which arose out of and in the course of his employment. The Industrial Accident Board found that his two minor children, of tender years, were both living with their parent, the employee, at the time of his injury and were wholly dependent upon his earnings for their support. No ruling of law was involved in this finding. Hence the insurer rightly has waived that portion of its brief devoted to the contention that this finding was not warranted.

One of the minor children died about a week after the decease of his father. The same person has been appointed the administrator of the deceased employee and of his deceased child. A decree was entered in the Superior Court following the ruling of the Industrial Accident Board, to the effect that the sum allowed under the act should be paid to the administrator of the estate of the deceased employee and by him should be divided equally between the guardian of the surviving minor child and himself as administrator of the deceased minor child. The guardian of the living child did not appeal from this decree. The insurer alone appealed. Therefore, the insurer alone has a standing to ask for a modification of the decree. But the insurer has suffered no harm by reason of that portion of the decree which directs the administrator of the deceased employee to divide the payment between the administrator of the deceased child and the guardian of the living child. It has argued that no payment can be made to the administrator of the deceased child. See *United Collieries, Ltd.,* v. *Simpson,* [1909] A. C. 383. But that point is not open to the

insurer. The amount which it is obliged to pay and the person to whom the payments must be made are the same whether the surviving child is entitled to the entire payment or whether there is a division. Under St. 1911, c. 751, Part II, § 7 (c), a child or children under the age of eighteen years living with their parent, a deceased employee, at the time of his death, are conclusively presumed to be wholly dependent for support upon the deceased parent. The amount to be paid by the insurer is the same whether there are one or more children. The workmen's compensation act does not contemplate either in its letter or its spirit that the insurer may litigate by appeal to this court the proportions of the division of a payment among those claiming to be dependents upon a deceased employee, when the dependents are satisfied and do not appeal and when the insurer cannot by any possibility be affected in its pecuniary responsibility by any modification of the order for payment permitted by law. In such a case the insurer is not entitled to be heard upon the question of the division of the payments. The principle is the same as that applied in the division of damages arising from a taking by eminent domain among owners of several interests in a single estate. *Cornell Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, 389.

We do not intimate an opinion as to the soundness in law of the decree in this respect.

*Decree affirmed.*

*J. M. Morrison,* for the insurer.
*W. H. Brown,* (*J. H. Coakley* with him,) for the dependents.