(No. 12715.—Reversed and remanded.)

JAMES BOWMAN, Defendant in Error, *vs*. THE INDUSTRIAL COMMISSION *et al*.—(RAY E. McCORMICK, Admr., Plaintiff in Error.)

*Opinion filed June 18, 1919—Rehearing denied October 10, 1919.*

1. WORKMEN'S COMPENSATION—*when failure to give notice of injury does not bar compensation.* The failure on the part of any person entitled to compensation to give notice of the injury within thirty days does not relieve the employer of his liability when the facts are known to him or to his agent, and under such circumstances the employee's failure to give such notice does not bar the claim of a personal representative, where the employee subsequently dies as a result of the injury.

2. SAME—*when requirement of section 24 of Compensation act as to filing written claim within six months does not apply.* The requirement of section 24 of the Workmen's Compensation act that a written claim for compensation be made within six months after payments have ceased, applies only where there is a continuation of the disability for which compensation has been agreed upon or awarded, and does not apply where the employee, after a partial recovery from an injury, returns to the same employment and subsequently dies as a result of his injury.

3. SAME—*effect of paragraph (d) of section 8 of Compensation act as to notice of claim where employee dies after returning to work.* Under paragraph (d) of section 8 of the Workmen's Compensation act, if an injured employee who has returned to the same employment partially incapacitated dies within eighteen months thereafter without filing a notice of claim for compensation, his widow or personal representative may file such claim within eighteen months after the employee returned to work. (*Bushnell* v. *Industrial Board,* 276 Ill. 262, distinguished.)

4. STATUTES—*what considered in seeking legislative intention.* In seeking the legislative intention in a statute the court may regard the existing circumstances, contemporaneous conditions, the object sought to be attained by the statute, the necessity or want of necessity for its adoption and the language used.

5. SAME—*in construing statute, court need not be confined to literal meaning of words used.* In construing a statute the court will not be confined to its literal meaning, but when the intention has been ascertained the words may be modified so as to obviate all inconsistencies therewith.

6. SAME—*ambiguous language will be construed to prevent injustice.* Where the intention in a statute is doubtful, arguments on the ground of absurdity and injustice will be considered and ambiguous language will be construed so as to reach a reasonable result and prevent hardship or injustice.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

WHITLEY & FITZGERALD, and JOHN A. WALGREN, for plaintiff in error.

McMILLEN & McMILLEN, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding brought under the Workmen's Compensation act against defendant in error. The arbitrator found in favor of the claimant. On the petition for review before the Industrial Commission the award of the arbitrator was confirmed. On a writ of *certiorari* the proceeding was taken to the circuit court of Macon county for review and the orders and findings of the Industrial Commission were quashed and set aside. The trial judge thereupon certified that the cause was one proper to be heard by this court and the proceedings have been brought here for further review by writ of error.

Charles W. Musgrove, an employee of James Bowman, doing business as Bowman Bros. in Decatur, Illinois, while working as a night-man in charge of the office, barn and garage used in the taxicab, moving and storage business, was injured on the night of May 24, 1916, by an accident arising out of and in the course of his employment, by being kicked by a horse in the barn. The evidence tends to show that by the kick his head was thrown against a brick wall, and as a result of the kick and hitting the wall a large number of his teeth were knocked out and his face badly bruised and gashed and he received internal injuries,

which, according to the finding of the arbitrator and Industrial Commission, resulted in his death on August 6, 1917. He left a widow and two minor children, and the widow subsequently died. Immediately after his injury Musgrove was treated by a physician and thereafter his teeth were fixed by a dentist. The bills for these medical and dental treatments were paid in the usual course of the compensation program of the insurance company carrying the risk of the defendant in error, the doctor's bill being paid June 8, 1916, and the dentist's on December 2, 1916. Musgrove was absent from his work immediately after the injury less than a week, when he returned to his usual employment with defendant in error, the latter being short of help and needing him badly. His wounds seemed to have gradually healed and he continued his work until some time in July, 1917, when the evidence tends to show that the accumulated effects of his injuries forced him to quit. He suffered a paralytic stroke on August 2, 1917, and died four days later, on August 6, 1917. He thus remained in his former employment until about a month before he died, and up to the time of his death the evidence tends to show he continued to hope that he might soon be able to return to work. During the same month in which he died his widow spoke to defendant in error about a claim for compensation, asking if he had his men insured. Defendant in error knew of his death and attended the funeral. September 14, 1917, the widow, as administratrix of his estate, filed with the Industrial Commission on her behalf and that of her minor children, aged seven and nine years, respectively, the prescribed form of application for adjustment of claim under the Workmen's Compensation act. No question is raised that the employer and employee were not within the provisions of the act at the time of the injury. Pending the hearing before the Industrial Commission the widow died, and Ray E. McCormick was substituted as administrator *de bonis non* of the estate of Charles W. Musgrove.

The decree of the circuit court found, among other things, that the Industrial Commission was without jurisdiction, for the reason that no claim for compensation was made within the limit of time provided for by section 24 of said act; that paragraph (*d*) of section 8 and paragraph (*h*) of section 19 of the Workmen's Compensation act were not applicable to the facts in this cause. Counsel for plaintiff in error argue that both paragraph (*d*) of section 8 and paragraph (*h*) of section 19 are applicable, and that the court was therefore wrong in quashing the orders and findings of the Industrial Commission.

. Counsel for defendant in error earnestly argue that the circuit court was right in ruling that the claim was not made within the limit of time provided for in section 24 of the act, under the reasoning of this court in *Bushnell* v. *Industrial Board,* 276 Ill. 262, as no written claim was filed by anyone "within six months after the accident." Section 24 also provides: "That the failure on the part of any person entitled to such compensation to give such notice shall not relieve the employer from his liability for such compensation, when the facts and circumstances of such accident are known to such employer, his agent or vice-principal in the enterprise." The evidence in this record tends to show, without contradiction, that the defendant in error knew all about this accident immediately thereafter, and that within thirty days from the time of the accident he had authorized the payment by the insurance company of the doctor's bill for caring for the injury. There can be no question, therefore, under the decisions of this court, that the failure to give written notice within thirty days after the accident would not prevent the recovery in this proceeding.. *Suburban Ice Co.* v. *Industrial Board,* 274 Ill. 630; *Parker-Washington Co.* v. *Industrial Board,* 274 id. 498; *Conway Co.* v. *Industrial Board,* 282 id. 313.

Paragraph (*d*) of section 8 of the Workmen's Compensation act in force at the time of this accident (Laws of

289 — 9

1913, p. 342,) reads as follows: "If, after the injury has been sustained, the employee as a result thereof becomes partially, though permanently incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in paragraph (*e*) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs (*b*) and (*h*) of this section, equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. In the event the employee returns to the employment of the employer in whose service he was injured, the employee shall not be barred from asserting a claim for compensation under this act: *Provided,* notice of such claim is filed with the Industrial Board within eighteen months after he returns to such employment, and the said board shall immediately send to the employer, by registered mail, a copy of such notice."

It is argued by counsel for plaintiff in error that the trial court improperly held that paragraph (*d*) of section 8 does not apply because there is no provision made that the beneficiaries of the employee may after his death file a claim for compensation within eighteen months; that a plain reading of this paragraph clearly shows that it was intended that only the employee himself could file such claim. The argument of counsel for defendant in error in their brief is not quite to that effect, their position being that paragraph (*d*) was intended by the legislature only to be applicable to cases arising under said paragraph and not to cases arising under the other sections of the act; that a reading of section 7 of the Workmen's Compensation act of 1913, together with section 8 and the rest of the act, shows that the legislature intended by section 7 to provide compensation for death cases and by section 8 only intended

to provide for compensation to an employee for an injury not resulting in death; that the natural and appropriate office of the proviso of paragraph (*d*) was to restrain and qualify the matter immediately preceding it and not to qualify the entire act; that to construe the act otherwise would be to limit the enacting clause itself, which is contrary to the general rule of construction. (*In re Day*, 181 Ill. 73; *Huddleston* v. *Francis*, 124 id. 195.) That this is the general rule there can be no question. With provisos, as with all other statements in the statute, the intention of the law-maker is the law. "The intention of the law-maker, if plainly expressed, must have the force of law though it may be in the form of a proviso, The intention expressed is paramount to form." (Lewis' Sutherland on Stat. Const.— 2d ed.—sec. 352.) The object of construing a statute is to ascertain and give effect to the intention of the legislature. It is to be gathered from the necessity or reason for the enactment and the meaning of the words, enlarged or restricted according to their real intent. In seeking this intention the court will always have regard to existing circumstances, contemporaneous conditions, the object sought to be attained by the statute and the necessity or want of necessity for its adoption. It must also have in mind the language used ·by the legislature, the evil to be remedied and the object sought to be attained. In construing a statute the court will not be confined to its literal meaning. A thing within the intention is regarded within the statute although not within the letter. A thing within the letter is not within the statute if it is not within the intention. When the intention has thus been ascertained from the reading of the statute, words may be modified or altered so as to obviate all inconsistencies with such intention. *People* v. *Highway Comrs.* 270 Ill. 141; *Hoyne* v. *Danisch*, 264 id. 467; *Warner* v. *King*, 267 id. 82.

It is clear from reading section 24 with the other sections of the act that the legislature intended to provide such

notice of the injury as to prevent employers being liable for fraudulent claims without opportunity of investigating them before such lapse of time that the fraud could not be discovered, but that any inaccuracy or technical defect in the form of the notice would not be a bar; that the failure on the part of any person entitled to such compensation to give notice would not relieve the employer of his liability when the facts and circumstances were known to him or his agent or the one in charge and acting for him in such enterprise; that the requirement of section 24 that a written claim for compensation be made within six months after payments have ceased applies only where there is a continuation of the disability for which compensation has been agreed upon or awarded. *Casparis Stone Co.* v. *Industrial Board,* 278 Ill. 77.

There can be no question that the clear intent of the legislature was to provide compensation alike for death cases and for mere injury cases; that it did not intend that while there might be recovery on behalf of the employee if he lived, there could not be a recovery in favor of his widow and children if the injury caused his death. There can be no question that under paragraph (*d*) if Musgrove had lived he could have recovered if he had filed a claim at the time the claim was filed by his wife after his death. While the wording in paragraph (*d*) of the statute is not entirely clear on the question here under consideration, taking all the sections of this act together, including the purpose for which the act was enacted, it would seem most unreasonable to conclude that the legislature intended that if the injured person was able to return to work, and did so return, he would not be deprived of recovery for his injury if he did not give a written notice within six months after the accident but could give it any time within eighteen months after he returned to work, but that if he died within such eighteen months, his wife, children or other dependents could not give notice because there was no specific

provision made for them so to do, and that therefore there could not be any recovery in their behalf. It would appear from other paragraphs of section 8 that the legislature thought compensation should be paid after the death of the injured person even though the claim was originally filed in his behalf, and as the Workmen's Compensation act now reads, as amended by the act of 1917, it is obvious that it was intended that if the proceedings were instituted by the injured person and he died pending such proceedings, they could be thereafter carried on by his personal representative or beneficiary. (Laws of 1917, sec. 19, par. *j*, p. 504.) The Workmen's Compensation act in force at the time this injury occurred did not contain paragraph (*j*) but did contain it at the time these proceedings were had in the lower court. The provisions of said paragraph changed the manner of procedure and practice, and do not, in our judgment, in any way affect the vested rights of any of the parties, therefore that paragraph may be held to be in force at the time of this hearing. *People* v. *Clark,* 283 Ill. 221, and cases there cited.

The intention of the law, in our judgment, on this question must be gained by reading the entire act and all its provisions. Where the intention is doubtful, arguments on the ground of absurdity and injustice will be considered and ambiguous language will be construed so as to reach a reasonable result and prevent hardship or injustice. (*Wendzinski* v. *Madison Coal Corp.* 282 Ill. 32.) The act is to be so interpreted as effectively to remedy the ills intended to be remedied. (*City of Milwaukee* v. *Miller,* 154 Wis. 652.) The law is intended for the protection of workmen and their families. It is intended to afford machinery by which the burdens of injuries sustained by those who do the actual work of a business and are not themselves employers, with a duty of insurance under the act, may be socially distributed and borne by society in general. (*In re Rheinwald,* 153 N. Y. Supp. 598.) It is manifest that the

act intended that the dependents of injured persons should be provided for, and the legislature certainly never intended that such dependents could not be provided for simply because it did not specifically designate the time allowed to them to give notice of the claim of the injury. Giving to paragraph (*d*) a reasonable construction in the light of the other provisions of the act, we think that the legislature intended that if the injured employee should return to work and should thereafter die, his beneficiaries could not be prevented from asserting a claim for compensation if they filed a claim within eighteen months after the injured person returned to such employment. This construction is surely in accord with the spirit and purpose of the entire act.

Counsel for defendant in error argue that the reasoning of this court in *Bushnell* v. *Industrial Board, supra,* is in conflict with this conclusion. The particular question just discussed in this case as to the construction of the Workmen's Compensation act was not considered or in any way referred to in that case. Moreover, the facts in that case were entirely different from those here under consideration. We do not think, therefore, that the decision in that case has any bearing on the construction of this statute on the point here involved. The employer here knew of the accident at the time it occurred, and waived, by his action in paying the claims of the doctor and dentist, a written notice within thirty days. It is clear, also, that he knew of the condition of his employee up to the time of his death and knew of his death. He was therefore in no way injured by lack of notice before the time that the widow of Musgrove filed her claim with the Industrial Commission. We think, therefore, that the provision of paragraph (*d*) covers this case and that the claim was filed within the time provided thereunder, and that the circuit court was wrong in quashing the orders and findings of the Industrial Commission making an award for claims.

The holding that paragraph (*d*) of section 8 applies to the facts in this case renders it unnecessary to consider or pass upon the question argued by counsel for plaintiff in error that paragraph (*h*) of section 19 also applies to the facts in this record.

The decree of the circuit court will be reversed and the cause remanded for further proceedings in harmony with the views herein set forth.    *Reversed and remanded.*