(102 So. 797)

## Ex parte CENTRAL IRON & COAL CO.
### (6 Div. 287.)

(Supreme Court of Alabama. Jan. 15, 1925.)

**1. Master and servant ⬿348—Compensation Act liberally construed.**

The Workmen's Compensation Act, being remedial in its nature, will be liberally construed.

**2. Master and servant ⬿411—Court may always reapportion distribution of compensation.**

Although where amount of compensation is once vested it cannot be changed except as provided by statute, court may always reapportion distribution of compensation; the 30-days' statute not applying to reapportionment of compensation, and there being nothing in Code 1923, §§ 7549, 7574, to the contrary.

**3. Master and servant ⬿393—Compensation due remarried widow payable to dependent minors.**

Under Code 1923, § 7555, where a widow with dependent minors remarries, widow's compensation is properly payable to such minors.

**4. Master and servant ⬿393, 398—Court held to have properly ordered distribution of remarried widow's share of compensation to dependent minors, including posthumous child.**

Where deceased left widow and five dependent minors, subsequent remarriage of widow after birth of posthumous child, which is expressly included by Code 1923, § 7596, and one of dependent children reaching 18, justified court in ordering widow's portion of compensation distributed to remaining dependent children under 18, including such posthumous child, and limitation of one year provided for by section 7570, does not affect such case.

**5. Master and servant ⬿393—Compensation not reduced when one dependent reaches 18, if dependent children still exceeds three.**

In view of Code 1923, §§ 7554, 7558, and 7562, where deceased left five dependent children, amount of compensation is not reduced when one dependent child reaches the age of 18, so long as there remain three or more dependent children, but amount should be reapportioned among remaining dependent children.

Certiorari to Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Petition of the Central Iron & Coal Company for certiorari to the Circuit Court of Tuscaloosa County to review the judgment or decree of said court in an action, under the Workmen's Compensation Act, by Clara Criss Coker and others against the Central Iron & Coal Company. Writ denied. Judgment affirmed.

Jones, Jones & Van de Graaff, of Tuscaloosa, for petitioner.

The posthumous child was barred by the statute of limitations of one year. Code 1923, § 7570; Acts 1919, p. 224, § 20a; Ex parte Sloss Co., 207 Ala. 531, 93 So. 425. The compensation payable to the widow and to Marvin Roy Criss ceased upon her remarriage and his coming of age, and is not transferable to any one else. Duffney v. Morse Lbr. Co., 42 R. I. 260, 107 A. 225, 15 A. L. R. 810; Code 1923, § 7564; Acts 1919, pp. 219, 221, §§ 14, 15. The only ground for change in a compensation judgment is on account of increase or decrease of incapacity due solely to injury. Code 1923, § 7574 (b); Acts 1919, p. 226, § 24 (b).

L. C. Bell, of Tuscaloosa, opposed.

In support of the judgment counsel cites Code 1923, §§ 7554, 7562, 7555, 7556; Central Iron & Coal Co. v. Pennington, 209 Ala. 22, 95 So. 472.

GARDNER, J. Petition for certiorari to review the decree of the circuit court in a cause under the Workmen's Compensation Act. Sections 7534, 7597, Code 1923.

On July 14, 1922, Henry Criss was accidentally killed while in the employ of the Central Iron & Coal Company; the Workmen's Compensation Act being applicable to such employment and death. He left as dependents a widow and five minor children, each under 18 years of age. On September 9, 1922, by a friendly suit instituted, the amount of compensation was fixed at the maximum of $15 per week, not to exceed 300 weeks. Sections 7558 and 7562, Code 1923. This latter section provides for a maximum of "fifteen dollars in case the deceased employé leaves three or more totally dependent children under eighteen years of age at the time of the injury of the deceased employé."

In the decree of September 9, 1922, the court apportioned these payments among the widow and said dependent minors. On March 16, 1923, Henry Criss, the posthumous child of the deceased employé, was born to

said widow, and on June 15, 1924, the widow remarried, marrying S. W. Coker. On August 22, 1924, one of the dependent minors, Marvin Roy Criss, reached the age of 18, and is self-supporting. Under these circumstances a dispute arose as to the payments, and petition was filed in said circuit court in behalf of the dependent minors of the deceased employé, seeking an order revising and reapportioning the said payments. It was insisted on behalf of the dependent minors that Henry Criss, the posthumous child, was entitled to share in the compensation, that the widow's share of these payments should be paid to the dependent minors, as should, also, the share formerly apportioned to Marvin Roy Criss who had reached the age of 18. The court below agreed to this insistence, and decreed accordingly.

Petitioner, Central Iron & Coal Company, insists that upon the remarriage of the widow her compensation ceased, as did also Marvin's upon reaching 18 years, and that no compensation was due to be paid Henry, the posthumous child, because any such claim was barred by the statute of limitation of one year, that therefore compensation was due to be paid only the four remaining minors in the amounts as apportioned by the decree of September 9, 1922. It may be noted just here that our statute expressly includes posthumous children within its influence. Section 7596, Code 1923.

[1] This statute being remedial in its nature will be liberally construed to accomplish the purpose of the enactment. Ex parte Central Iron & Coal Co., 209 Ala. 22, 95 So. 472.

[2] In the first place, we note the contention that the decree of September 9, 1922, was of such a character as to come within the influence of the statute making final all such judgments and decrees after the expiration of 30 days, and that therefore the court was without the power to revise said decree and reapportion these payments under changed circumstances. One of the outstanding purposes of the statute was to facilitate the settlement of matters of compensation in a simple manner with the least possible expense, and that proceedings to that end be not incumbered by technical rules of pleadings or procedure. The changed circumstances provided for in the statute seem to contemplate that the court will remain open that proper orders may be made to meet these changed conditions. Among these changes may be noted the death or marriage of a dependent, the remarriage of the widow, commutation into a lump sum of periodical payments. Indeed, the entire scheme of the law seems to presuppose that the court will remain open for all such orders as to administration and procedure, made necessary by changed conditions. We find nothing in section 7574, Code 1923, pointing to the contrary. It provides for a finality as to the amount fixed under section 7549, and a modification of this amount in certain specified cases, but we are here concerned only with the power of the court over the matter of apportionment of the compensation previously fixed, and which is not sought to be changed.

As to the amount of compensation, it may be conceded (though not necessary to be here decided) that, once having been fixed, it could only be subsequently changed as provided by the statute. As to the question, however, of the power of the court to enter orders or decrees in the matter of administration of the funds or distribution thereof, made necessary by changed circumstances, we entertain the view that the court is always open for such purposes, and that the 30 days' statute referred to is without application.

[3] There was no error in decreeing the payment of the widow's compensation to the dependent minors. She had remarried, and in such event it is provided (section 7555, Code 1923) that the "unpaid balance of compensation, which would otherwise become due her, shall be paid to such children."

We are of the opinion what was said by this court in Ex parte Central Iron & Coal Company, supra, construing this provision of the statute, is decisive. Nor do we think the posthumous child was barred from participation in the fund. Settlement had already been made, the parties had their day in court, and payments of compensation continued to be made. The participation of this child in these payments had no effect upon the matter of fixing the amount of compensation or upon the question of liability. The limitation statute relied upon (section 7570, Code 1923) contains exceptions which appear to fully support the conclusion that the limitation provision of one year is without effect upon such a situation, and contains the additional exception that "where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

[4] We are therefore of the opinion the court properly ordered the widow's portion of the compensation distributed to the dependent children, and that Henry, the posthumous child, share therein. Eliminating Marvin Roy who had reached 18, and including Henry, the posthumous child, there were still left five dependent minor children among whom the court ordered the weekly payment of $15 to be equally distributed.

[5] It is insisted, however, that the share of Marvin Roy should be deducted and the amount reduced accordingly. We are cited to the case of Duffney v. Morse Lbr. Co., 42 R. I. 260, 107 A. 225, 15 A. L. R. 810, holding to the effect that an award of compensation for a specified number of weeks to a partial dependent is not vested and does

not pass to his administrator upon death. See, also, in this connection, Heiselt Construction Co. v. Industrial Com., 58 Utah, 59, 197 P. 589, 15 A. L. R. 799; Lahoma Oil Co. v. State Industrial Com., 71 Okl. 160, 175 P. 836, 15 A. L. R. 817; State ex rel. v. Industrial Com. of Ohio, 92 Ohio St. 434, 111 N. E. 299, L. R. A. 1916D, 944, Ann. Cas. 1917D, 1162; Bartoni v. Employers' Liability, etc., 225 Mass. 349, 114 N. E. 663, L. R. A. 1917E, 765.

In the foregoing authorities, however, statutory provisions here involved were not for construction. The question here presented relates to the legislative intent to be gathered from the language of the statute in cases of this character. It is to be noted that under section 7554, Code 1923, the compensation for the widow and children may be paid to the widow. The question of apportionment of this compensation is a matter left to the discretion of the court. The court may order the payment of the whole sum to the widow, or may apportion the same as is deemed advisable, and section 7562 fixes the maximum sum of $15 per week in case the employé leaves three or more dependent children under 18. There were five dependent children, and under the changed condition there are still five dependent children under 18. The compensation was based upon the number of dependent children, three or more, and we are of the opinion that so long as there remains the number of dependent children this amount is authorized. So long as the dependent children remain within the number provided by statute for their compensation, then the employer cannot complain. The compensation to be paid remains the same, but its apportionment differs only. But with the distribution of the fund the employer is not concerned. By analogy, what was said by the court in Janes' Case, 217 Mass. 192, 104 N. E. 556, concerning payment by an insurer in a compensation case, is, we think, applicable, the court saying:

"The amount to be paid by the insurer is the same, whether there are one or more children. The Workmen's Compensation Act does not contemplate either in its letter or its spirit that the insurer may litigate * * * the proportions of the division of a payment among those claiming to be dependents upon a deceased employé, when the dependents are satisfied and do not appeal, and when the insurer cannot by any possibility be affected in its pecuniary responsibility by any modification of the order for payment permitted by law."

So here, the inclusion of the posthumous child leaves the number of dependent children just as it was before Marvin Roy reached 18. Marvin having reached that age, the child Henry, having been born, and the widow having remarried, produced a necessity for a reapportionment of the compensation previously fixed. But we are persuaded it was not the legislative intent, under the circumstances, that the amount of compensation be reduced thereby, while the number of dependent children coincides with the maximum compensation fixed and ordered paid by the court, under section 7562, Code 1923. A construction to the contrary, would, in our opinion, not be a liberal one "to accomplish the purpose of the enactment."

We therefore conclude that it was the legislative intent that, so long as there remained "three or more" dependent children, the cessation of payment apportioned to one or more of such dependent children is, not to reduce the compensation, but that the same is to be reapportioned among the remainder, and our decision here is expressly confined to the situation as thus presented.

It results that, in our opinion, the court correctly decreed. The writ is denied and the judgment of the circuit court is accordingly affirmed.

Writ denied; affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.