(110 So. 17)
**MOSS et al. v. STANDRIDGE.** (6 Div. 608.)

(Supreme Court of Alabama. June 17, 1926. Rehearing Denied Nov. 11, 1926.)

1. **Master and servant** ⚖➞398—Claim for compensation for death of employee, paid compensation for over three years after injury, held not barred until year after last payment (Code 1923, §§ 7554, 7570).

Under Code 1923, § 7570, claim for compensation for death of employee, who was paid compensation for over three years after injury, is not barred until one year after last payment, limitation of section 7554 not applying.

2. **Master and servant** ⚖➞348.

Workmen's Compensation Act must be construed with liberality.

Certiorari to Circuit Court, Jefferson County; Roger Snyder, Judge.

Petition of C. L. Moss and G. B. McCormack, Jr., doing business as Moss & McCormack, for certiorari to the circuit court of Jefferson county to review the judgment and finding of that court, in a proceeding under the Workmen's Compensation Act, by Jane Standridge against the petitioners. Writ denied, and judgment affirmed.

Percy, Benners & Burr, and J. R. Forman, all of Birmingham, for appellants.

There is no compensation provided for death of an employee, unless the death results proximately from the accident within three years. Code 1923, §§ 7554, 7570; Partusch v. Kaufman-Straus Co., 209 Ky. 345, 272 S. W. 884. Under the common law it is presumed that the injury is not the cause of death, unless it occurs within one year and one day. 13 R. C. L. 747.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The Compensation Act is to be liberally construed. Ex parte Little Cahaba Coal Co.,

213 Ala. 596, 105 So. 648; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Bowman v. Ind. Comm., 289 Ill. 126, 124 N. E. 374. The statute extends the time for filing a suit for death benefits to within one year from death, and also to one year from date of last payment, where compensation has been paid, in any case. Code 1923, § 7570; Ex parte Central I., etc., Co., 212 Ala. 367, 102 So. 797; Chase v. Emery Mfg. Co., 271 Pa. 265, 113 A. 840.

GARDNER, J. Petition was filed in the court below, under the Workmen's Compensation Statute, by Jane Standridge, widow of J. C. Standridge, seeking compensation for herself and minor children on account of the death of her husband, which occurred on March 26, 1925. We quote the following from appellants' statement of the case:

"It was averred, among other things, that the accident in which the deceased received his injuries happened on January 12, 1921, and subsequently the deceased died on March 26, 1925, as a proximate result of the injuries received in the accident.

"There was no dispute in the case as to the material facts. It was shown by the sworn petition, the sworn answer, and the testimony that the deceased employee was injured on January 12, 1921, and thereafter he died on March 26, 1925, as a result of said injuries. It was also shown without contradiction that the respondent in said cause paid in full to the said J. C. Standridge, the injured employee, all compensation due him from the time of his injury to and including the date of his death, together with all medical benefits.

"Upon a hearing of the cause the court rendered a decree allowing the petitioner compensation for the death of the deceased employee deducting therefrom the amounts theretofore paid to said employee, covering the amount of compensation due up to and including the date of his death."

[1] The one pivotal question here presented, is whether or not the claim for death compensation is barred. It is insisted by appellants that, under section 7554, Code of 1923, no compensation is provided for the death of an employee, unless the death results proximately from the accident within three years, and that, as the undisputed proof discloses that the petition was filed after the expiration of such time, petitioner is not entitled to relief. That portion of said section relied upon by appellants reads as follows:

"In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis, and shall be paid to the persons entitled thereto without administration,"

—followed by classifications as basis for compensation payment.

In support of this contention, appellants cite the case of Partusch v. Kaufman-Straus Co., 209 Ky. 345, 272 S. W. 884, which bears some analogy to the instant case, so far as the language of section 7554 of our Code is concerned. But we do not find that the Kentucky statute contains provisions corresponding with section 7570 of the Code of 1923, which deals specifically with the question of limitation of actions, that portion of which, here pertinent, reads:

"In case of death, all claims for compensation shall be forever barred unless within one year after death, when the death results proximately from the accident within three years, the parties shall have agreed upon the compensation under articles 1 and 2 of this chapter, or unless within one year after such death one of the parties shall have filed a verified complaint, as provided in section 7578 hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

[2] Here payment of compensation had been made to the employee extending over a period of more than three years, and continuing to the time of his death. The above-cited statute expressly states that, when payments of compensation have been made in *any case*, the limitations referred to shall not take effect until the expiration of one year from the time of making the last payment. The words "any case" refer to cases of death, as well as those in which the injuries do not prove fatal. The language is broad enough to include the case here considered. The argument of counsel would limit or restrict this language to have application only to the delayed claim of the employee where he has been paid compensation, and an extension of time in favor of the dependents where they have been paid compensation. But the language of the statute does not make this distinction, and to do so words must be interpolated into the statute. Such an interpretation would be out of harmony with the well-established rule of construction as to a statute of this character, which is to be construed "with breadth and liberality, to the end of advancing its beneficent object." Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Ex parte Cent. Iron & Coal Co., 212 Ala. 367, 102 So. 797; Bowman v. Ind. Comm., 289 Ill. 126, 124 N. E. 373.

Evidently, the limitation period was fixed for the purpose of excluding claims which were not bona fide and stimulate procedure at a time when the facts and circumstances were available. After the expiration of such fixed period, as argued by counsel in the ordinary case, it was meant to serve the purpose of a conclusive presumption that the injury was not the proximate cause of the death. But this reasoning loses force in those instances where the employer acknowledges liability and continues payment of compensation, in which cases he is presumed to have at hand all knowledge of the facts and

circumstances. Therefore the statute has provided that in such cases, where payments of compensation have been made and liability thus acknowledged, the further period of one year from the last payment is provided. Nor does this work any injustice to the employer, as, under subdivision (f) of section 7551, Code of 1923, all payments made to the employee, while disabled, are to be deducted from the compensation due on account of his death, which was done in the instant case.

The language relied upon by appellants, as contained in section 7554, is to be construed as applicable to the ordinary three-year limitation when applicable, and, as thus construed, harmonizes with the provisions of section 7570, which treats specifically of the question of limitations. The language of this latter section is sufficiently broad and comprehensive to include the instant case, and, applying the liberal rule of construction above referred to, we conclude that the proceeding was not barred, and that the trial court correctly ruled.

The writ will be denied, and the judgment affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.