YATES, Judge.
Lythia Bowen, the wife and dependent of a deceased employee, Verdell Hubert Hunt, appeals from a summary judgment in favor of the employer, Bickerstaff Clay Products, Inc. (hereinafter “BCP”), and Liberty Mutual Insurance Company; the trial court ruled that, as a matter of law, Bowen was not entitled to worker’s compensation death benefits.
The facts of this case are undisputed. Hunt, an employee of BCP, suffered a com-pensable injury (silicosis) within the line and scope of his employment on or about July 19, 1989. In September 1990, Hunt entered into a settlement agreement with BCP and its insurer; he received workmen’s compensation benefits until he died on June 1, 1994. Hunt died of lung cancer, which is a secondary condition resulting from silicosis. We note that because of the date of Hunt’s injury, he was covered by § 25-5-147, Ala.Code 1975. Section 25-5-147 appeared as part of Article 5 of Chapter 5 of Title 25. Article 5 was repealed by the 1992 Workers’ Compensation Act; however, under the 1992 Act, the provisions of § 25-5-147 were recodified as § 25-5-117, appearing as part of Article 4 of Chapter 5 (that chapter of Title 25 that deals with workers’ compensation). The provisions of § 25-5-117 are, to the extent applicable to this case, the same as those of former § 25-5-147. In particular, both §§ 25-5-147 and 25-5-117 require that death occur within three years of the date of the injury and both define “date of the injury” — for purposes of pneumoconiosis — as “the date of the last exposure to the hazards of the disease in the employment of the employer in whose employment the employee was last exposed.”
Bowen made prompt application for death benefits as Hunt’s widow; however, the trial court on September 25,1995, entered a summary judgment for the defendant, stating, “The court finds that the case of Kilgore v. Alabama By-Products Corp., 581 So.2d 872 (Ala.Civ.App.1991), as cited by Defendants, is controlling.” Kilgore affirmed a summary judgment in favor of the employer in an action for death benefits where the employee had died more than three years after the occurrence of the injury. The court stated:
“While it is true that this action was timely filed, the time of filing was not the basis for the trial court’s ruling; the trial court dismissed the action because of the additional statutory requirement that the death must have occurred within three years of the date of injury. Ala.Code 1975, § 25-5-60 and § 25-5-80. That is, the statute sets a three-year time limit for the employee to die after the occurrence of the injury as a condition precedent for having a cause of action under the Workmen’s Compensation Act.”
Id., at 873.
Bowen appeals, contending that Moss v. Standridge, 215 Ala. 237,110 So. 17 (1926), is controlling and that the trial court erred in relying upon Kilgore. In Kilgore, the court relied upon that language in §§ 25-5-60 and 25-5-80, Ala.Code 1975, which requires that death result within three years of the date of the injury; however, under the facts of Kil-gore the additional provisions in §§ 25-5-80 and 25-5-117 were not considered. Those statutes read, in part, as follows:
“§ 25-5-60. Compensation for death.
“In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis_”
“§ 25-5-80. Limitation period for claims or actions for compensation.
“... In case of death, all claims for compensation shall be forever barred unless within two years after death, when the death [occurs] within three years, the parties shall have agreed upon the compensation under this article or unless within two years after the death one of the parties *1182 shall have filed a verified complaint.... Where, however, payments of compensation ... have been made in any case, the period of limitation shall not begin to run until the time of making the last payment.”
“§ 25-5-117. Limitation period of claims or actions for compensation.
“... In ease of death, the claim shall be forever barred, unless within two years after death, if death results proximately from the occupational disease, as defined in this article, and death occurs within three years of the date of the injury, as hereinafter defined, the parties have agreed upon the compensation under this article, or unless within two years after death, one of the parties shall have filed a verified complaint.... Notwithstanding the foregoing, if upon the date of death the employee’s claim is barred, any claim by his or her dependents likewise shall be barred. If, however, payments of compensation have been made, the limitation as to compensation shall not take effect until the expiration of two years from the time of making the last payment.”
(Emphasis added.)
After reviewing the applicable statutes and case law, we agree with Bowen that Kilgore is not controlling in this case. Kilgore cited Guy v. Southwest Alabama Council on Alcoholism, 495 So.2d 77 (Ala.Civ.App.1986), a workmen’s compensation case that addressed the constitutionality of § 25-5-60. In Guy, this court held that the statute furthered a legitimate state purpose and, therefore, did not violate the due process or equal protection clauses. Id., at 79. We distinguish both Kilgore and Guy from this case in that Kil-gore and Guy involved employees receiving company benefits for total disability rather than workmen’s compensation benefits. In addition, in Guy, the court considered only § 25-5-60 and, in both cases, the court failed to consider the additional provisions contained in §§ 25-5-80 and 25-5-117 regarding an extension of the limitations period when “payments of compensation have been made.”
In Moss, our supreme court held that, pursuant to § 7550, Ala.Code 1923, a claim for compensation for the death of an employee who had been paid compensation for over three years after his injury was not barred until one year after the last payment, and that the three-year limitation of § 7554 did not apply. The court stated:
“Here payment of compensation had been made to the employee extending over a period of more than three years, and continuing to the time of his death. [Section 7570, Ala.Code 1923,] expressly states that, when payments of compensation have been made in any case, the limitations referred to shall not take effect until the expiration of one year from the time of making the last payment....”
215 Ala. at 238, 110 So. at 18. The court explained the purpose of the three-year limitation and its exception as follows:
“Evidently, the limitation period was fixed for the purpose of excluding claims which were not bona fide and [to] stimulate procedure at a time when the facts and circumstances were available. After the expiration of such fixed period, as argued by counsel in the ordinary case, it was meant to serve the purpose of a conclusive presumption that the injury was not the proximate cause of the death. But this reasoning loses force in those instances where the employer acknowledges liability and continues payment of compensation, in which cases he is presumed to have at hand all knowledge of the facts and circumstances. Therefore, the statute has provided that in such cases, where payments of compensation have been made and liability thus acknowledged, the further period of one year from the last payment is provided. ...
“The language ... in section 7554, is to be construed as applicable to the ordinary three-year limitation_ The language of [§ 7570] is sufficiently broad and comprehensive to include the instant case, and, applying the liberal rule of construction above referred to, we conclude that the *1183 proceeding was not bared, and that the trial court correctly ruled.”
215 Ala. at 238-39,110 So. at 18.
We note the distinction between treating the requirement that death occur within the three-year period as a “non-claim statute” as compared to treating the two-year filing requirement as a statute of limitations (see Wawrinchak v. United States Steel Corp., 148 Ind.App. 444, 267 N.E.2d 395 (1971)); however, we conclude that this non-claim provision must be read in conjunction with the exception language previously noted. Therefore, we conclude that the rationale of Moss is reflected in the current workers’ compensation law as codified in § 25-5-80 and § 25-5-117 and that it precludes the application of the three-year requirement as a condition precedent to Bowen’s recovery.
Based on the foregoing, we reverse the judgment and remand the case for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.