THOMPSON, Judge.
Amy White, as mother and next friend of minor children Christopher White and Carl White, filed a complaint against Riley Construction, Inc., seeking workers’ compensation benefits for the children pursuant to § 25-5-60, Ala.Code 1975. The trial court held that the children could not recover benefits pursuant to that section. The mother has appealed, on behalf of the children.
The facts of this case are essentially undisputed. On March 24, 1993, Larry White was injured during the course of his employment with Riley Construction. On June 7, 1996, White sued Riley Construction, seeking workers’ compensation benefits. On February 10, 1997, while his workers’ compensation action was pending, White died.
On July 8, 1997, the children’s mother sued on their behalf, alleging that Larry White’s death was a proximate result of an on-the-job injury and that, pursuant to § 25-5-60, Ala.Code 1975, Christopher White and Carl White were entitled to workers’ compensation benefits as Larry White’s dependents. The trial court entered an order holding that § 25-5-60 and § 25-5-80, Ala.Code 1975, barred the claim because Larry White’s death had *879 occurred more than three years after the date of the accident in which he was injured.
Section 25-5-60 governs compensation for the death of a worker. That section provides that a worker’s dependents may receive workers’ compensation benefits under the statute “[i]n death cases, where the death results from the accident within three years.” Section 25-5-80 governs the limitations periods for filing workers’ compensation claims; that section provides:
“In case of death, all claims for compensation shall be forever barred unless within two years after death, when the death results proximately from the accident within three years, the parties shall have agreed upon the compensation under this article or unless within two years after the death one of the parties shall have filed a verified complaint as provided in Section 25-5-88.”
(Emphasis added.)
Because the facts in this case are undisputed, no presumption of correctness attaches to the trial court’s judgment. Tierce v. Gilliam, 652 So.2d 254 (Ala.1994). This court must determine whether the trial court correctly applied the law to the undisputed facts; therefore, our review of the trial court’s judgment is de novo. Taylor v. Mobile Pulley & Mach. Works, 714 So.2d 300 (Ala.Civ.App.1997).
The children cite only Bowen v. Bickerstaff Clay Products, Inc., 695 So.2d 1180 (Ala.Civ.App.1996), to support their argument that because their father was receiving workers’ compensation benefits at the time of his death, the running of the statutory limitations period was tolled until two years after the date of the last workers’ compensation payment to White. In Bowen, supra, the court relied on a portion of § 25-5-117 providing that where the worker was receiving workers’ compensation benefits, the limitation on compensation is extended to two years from the date of the last workers’ compensation payment. We note that § 25-5-117 is restricted to the limitations periods for occupational diseases.
Section 25-5-80, governing injuries such as the one suffered by White, contains a corresponding provision, by which dependents may not recover benefits if the worker’s death occurred more than three years after the accident that caused the worker’s injury. That section provides in part: “Where, however, payments of compensation, as distinguished from medical or vocational payments, have been made in any case, the period of limitation shall not begin to run until the time of making the last payment.”
However, the children made no argument before the trial court regarding the tolling of the three-year limitations period. It is well settled that an issue not raised before the trial court may not be considered for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992).
Further, although the children allege in their brief on appeal that their father received workers’ compensation benefits, no evidence in the record indicates that White received workers’ compensation benefits after the date of his injury. Thus, the record on appeal contains no evidence from which this court could determine whether, and, if so, from what date, the plaintiffs’ claim for benefits might be tolled past three years from the date of Larry White’s injury. “ ‘This court cannot assume error, nor can it presume the existence of facts [as] to which the record is silent.’ The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.” Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala.1997) (citations omitted).
We affirm the judgment of the trial court.
AFFIRMED.
*880 CRAWLEY, J., concurs.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur in the result.