HENRY BLANCK

*v.*

EDWARD PAUSCH.

*Filed at Mt. Vernon January 22, 1885.*

1. CONTESTED ELECTION—*requisites of petition—as to qualifications of petitioner—for a town office.*  A petition for the contest of an election by one to the office of town clerk, or other town office, should aver that the petitioner was an elector of the town, or it will be fatally defective on demurrer.  An averment that the contestant was a citizen and resident of the town is not sufficient.

2. CITIZENSHIP—*defined—whether it includes the right to vote.*  A citizen, in the popular and appropriate sense of the term, is one who by birth, naturalization, or otherwise, is a member of an independent political society, called a State, kingdom or empire, and who, as such, is subject to its laws and entitled to its protection in all his rights incident to that relation.   The term includes females and minors.   The right of suffrage is not coëxtensive with the right of citizenship.

3. PLEADING—*rule of construction.*  It is a familiar rule that all pleadings are to be construed most strongly against the pleader.

APPEAL from the County Court of St. Clair county; the Hon. WILLIAM J. UNDERWOOD, Judge, presiding.

This was a proceeding commenced in the county court of St. Clair county, by Edward Pausch, the appellee, to contest the election of Henry Blanck, the appellant, to the office of

town clerk of the town of Lebanon, in said county. The court overruled a general demurrer to the petition, and the defendant declining to answer further, the petitioner was thereupon adjudged to be duly elected to said office, and entitled to the possession thereof, and an order to that effect was duly entered in the cause, to reverse which this appeal is brought.

The petition to which the demurrer was sustained, is as follows:

"Petitioner, Edward Pausch, a citizen and resident of the town of Lebanon, in said St. Clair county, represents that at the general election held in November, 1883, the electors of said county voted to adopt township organization; that the commissioners appointed to divide said county into towns, established the town of Lebanon, including the incorporated limits of the city of Lebanon and of the village of Summerfield, and territory adjacent; that said county board gave notice of an election to be held in the town of Lebanon, April 1, 1884, for the election of town officers, and on March 5, 1884, said board established the village hall in Summerfield as the first and only voting place in the town of Lebanon, and appointed three electors of said town to act as judges at said voting place; that at said election held in the town of Lebanon, at said Summerfield, petitioner received all the votes of the electors of said town for the office of town clerk of said town, except a few scattering votes, and was declared by said judges and clerks of said election duly and legally elected to the office of town clerk of the town of Lebanon; that on the 3d day of April, 1884, petitioner took the oath of office, and on the 8th day of April, 1884, demanded from John Weigel, the acting town clerk at said election, the books and proceedings pertaining to said office, but said Weigel refused and still refuses to deliver the same to petitioner; that one Henry Blanck claims to have been elected town clerk of the town of Lebanon, at said election, by reason of the votes cast for said Blanck at a place in the city of Lebanon, but that

said county board had established no voting place and appointed no judges and clerks for any place in the city of Lebanon at said election; that the votes cast at said place in the city of Lebanon for said Blanck are illegal and void; that notwithstanding the votes cast for said Blanck are illegal and void, said Blanck has entered upon the duties of said office, and is unlawfully exercising the same. Petitioner prays that he may be declared and adjudged to be lawfully elected clerk of said town, and duly installed in said office, and said Blanck ousted therefrom."

The court below overruled a demurrer to the petition, and the defendant refusing to answer further, final judgment of ouster was thereupon entered in favor of the petitioner, and against the defendant, to reverse which this appeal is brought.

Messrs. SCHAEFER & SNYDER, for the appellant:

Section 112, chapter 46, gives any elector of his township or precinct the right to contest the election of another to a town office. *Talkington* v. *Turner*, 71 Ill. 234.

A plaintiff in a bill must have an interest in the subject. If he has not, a demurrer will hold. Story's Eq. Pl. sec. 260.

The petitioner here simply sets forth that he is a citizen and resident of the town of Lebanon. Admitting all this, it does not give him a standing in court as a contestant of this election. An elector is one who has the right to make choice of public officers—one who has a right to vote. 10 Minn. 107.

It has been decided in 21 Wall. 162, and 43 Cal. 43, that "the right to vote and the right to hold office are not necessary constituents of citizenship." So one being a citizen and resident does not necessarily imply that he is an elector, and as it is a rule of law that pleadings must always be construed strongest against the pleader, the court must presume that the petitioner is not of age, and is not an elector of the town of Lebanon, and therefore the petition is insufficient.

Messrs. WILDERMAN & HAMILL, for the appellee:

Section 113 of the Election law declares that a person desiring to contest an election shall, within thirty days, etc., file with the clerk of the court a statement in writing, setting forth the points on which the contest will be made, etc. The statute does not specify what this statement shall contain, except the points of contest.

The petition shows that petitioner is a citizen and resident of the town, and this is equivalent to stating he is an elector. "Citizen," as used in the constitution, means an elector. (Const. 1870, art. 4, sec. 3; art. 5, sec. 5; art. 6, secs. 3, 17.) "Citizen," according to Webster, is "a person, native or naturalized, who has the privilege of voting for public officers, and who is qualified to fill offices in the gift of the people." Stating that petitioner was a citizen of the town of Lebanon, in the county of St. Clair, and State of Illinois, was equivalent to stating that he had resided in the State one year, in the county ninety days, and in the election district thirty days next preceding the election, and that he was a qualified elector of this State, or a male citizen of the United States above the age of twenty-one years. The term "citizen" means all of that, and more. If petitioner did not have all of those qualifications, he was not a citizen in the sense in which the word is used in the petition. *Spraggins* v. *Houghton*, 2 Scam. 377; Rev. Stat. sec. 66, chap. 46; *Dale* v. *Irwin*, 78 Ill. 181; Frey's Election Cases, 71 Pa. St. 302; *Union Hotel Co.* v. *Hersee*, 79 N. Y. 454.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

By the 112th section of chapter 46, of the Revised Statutes of 1874, the right to contest an election of this kind is confined exclusively to electors of the town. In order to show title in himself, the petitioner should therefore have averred in the petition that he was an *elector* of the town of Lebanon.

Whether he has done this or not, presents the only question of importance for determination. That the petition contains no express averment to that effect is manifest. But it is contended on behalf of the petitioner that the averment in the petition that the contestant was "a citizen and resident of the town of Lebanon," is, in legal effect, the same as the more specific charge that he was an "elector." We can not concur in this view. It may be admitted the word "citizen" is sometimes used to denote a person having the right to vote and hold office, but that is certainly not its ordinary or popular meaning. In the latter sense of the term it is applicable alike to males and females, and to minors as well as adults. Such being the case, it is clear the right of suffrage is not coëxtensive with the right of citizenship, and this is expressly held in *Minor* v. *Happersett*, 21 Wall. 162.

A "citizen," in the popular and appropriate sense of the term, is one who by birth, naturalization, or otherwise, is a member of an independent political society, called a State, kingdom or empire, and as such is subject to its laws and entitled to its protection in all his rights incident to that relation. And as the right to vote, as we have just seen, is not necessarily incident to or coëxtensive with the right of citizenship, it follows the petitioner failed to show any right in himself to contest the respondent's election, and for that reason the petition was fatally defective, and the demurrer to it should have been sustained. To hold otherwise would be to simply abrogate the familiar rule of pleading that requires all pleadings to be construed most strongly against the pleader. This we are not prepared to do.

The judgment of the court below is reversed, and the cause remanded for further proceedings, with directions to set aside the order overruling the demurrer and to sustain the demurrer to the petition, and that leave be given to amend the petition if the petitioner shall be so advised.

*Judgment reversed.*