JOSEPH F. MASTERSON

*v.*

WILLIAM REED.

*Opinion filed February 14, 1898.*

°1. ELECTIONS—*election of a town officer can be contested only by an elector of the town.* Under section 112 of the Election act (Rev. Stat. 1874, p. 465,) the election of a town officer can be contested only by an elector of the town, and a petition is fatally defective which fails to show that the petitioner is such elector.

2. SAME—*pleading—what not equivalent to averment that petitioner was an elector.* Averments in a petition to contest an election of a town officer, that the petitioner was a resident of the town and that he had been nominated for the office of commissioner of highways and his name printed upon the ballot, are not equivalent to an averment that he is an elector of such town.

APPEAL from the County Court of DeKalb county; the Hon. M. O. SOUTHWORTH, Judge, presiding.

THOMAS M. CLIFFE, and JAMES W. CLIFFE, for appellant.

CARNES & DUNTON, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a proceeding instituted in the county court of DeKalb county, by William Reed, to contest the election of J. F. Masterson to the office of commissioner of highways of the town of Mayfield, in DeKalb county. To the petition the defendant filed a general demurrer, which the court overruled, and, the defendant declining to answer further but electing to abide by the demurrer, the petitioner was thereupon adjudged to be elected to the office and entitled to the possession thereof, and judgment to that effect was entered, to reverse which the defendant appealed.

Section 112 of the Election law (Hurd's Stat. p. 621,) confers the right to contest an election of a town officer on an elector of the town. No other person is clothed with that authority. The petitioner, therefore, in order to show that he was entitled to contest the election, was required to aver in his petition that he was an elector of the town of Mayfield, in DeKalb county, as held by this court in *Blanck* v. *Pausch,* 113 Ill. 60. The petition contains no averment of that character.

It is conceded in the argument that the petition does not aver that the petitioner was an elector of the town, but it is contended that the petition contains facts equivalent to such an averment. The facts relied upon are averred in the petition, in substance, as follows: Your petitioner, William Reed, of said town of Mayfield, respectfully represents that there was held in said town of Mayfield an election (being the annual town election) on

the 6th day of April, 1897; that one printed ballot only was prepared, printed and furnished to the voters; that petitioner had been regularly nominated for the office of commissioner of highways, and that said printed ballot was lawfully, regularly and properly before the voters of said township on said day of election. After describing the manner of counting the votes it is then averred: "The question whether your petitioner or said Masterson was legally elected to said office of commissioner of highways depends upon the legality of the said action of the election board and canvassing board in counting. * * * If said ten ballots had been by the election board and canvassing board rejected, your petitioner should and would have been declared elected to said office."

The fact that William Reed was of said town or a resident of the town did not make him an elector of the town. A person may reside in a town and not be an elector or entitled to vote. Nor did the fact that a printed ballot was furnished with Reed's name upon it establish the fact that he was an elector. So, also, he might have been nominated and not have been entitled to vote or hold office. Nor does the averment in regard to the question whether the petitioner or Masterson was *legally elected* have any bearing on the fact whether petitioner was or was not an elector.

It is a familiar rule of pleading that all pleadings must be construed most strongly against the pleader. Here, in order to sustain the petition, that rule would have to be ignored. Unless the petitioner was an elector of the town he had no standing in court to contest the election. It was, therefore, necessary for him to aver, in plain terms, that he was an elector. As he failed to make the averment the petition was fatally defective and the court erred in overruling the demurrer.

The judgment will be reversed and the cause remanded, with directions to sustain the demurrer.

*Reversed and remanded.*