THE PEOPLE *ex rel.* Martin Delaney *et al.*

*v.*

PETER MARKIEWICZ.

*Opinion filed February 21, 1907.*

1. ELECTIONS—*in town elections the entire town is one district.* For the purpose of town elections the entire town is considered as one voting district, as respects the qualifications of the voters, although there may be several polling places in the town.

2. SAME—*when party is entitled to vote at a township election.* A person who has resided in the town for thirty days next preceding a town election, and who has the necessary general qualifications of a legal voter, may vote at such town election for town officers at the polling place in the election district in which he resides on the day of the election, regardless of the period of his previous residence in such district, but he cannot vote at any other polling place than that in the district where he resides, and, being a legal voter, he is eligible to hold a town office. (*Williams* v. *Potter,* 114 Ill. 628, explained.)

3. SAME—*rule as to residence in case of elections other than town elections.* For State, county, city and village elections, in addition to all other legal qualifications, the voter must have resided for thirty days next preceding the election in the election district in which he votes.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

The Attorney General of Illinois, at the relation of certain electors of the town of Lemont, in Cook county, filed an information in the nature of *quo warranto* in the circuit court of that county challenging the right of Peter Markiewicz to the office of commissioner of highways in said town.

It appears from the pleadings and from the stipulation of facts on which the case was submitted to the court for trial, jury being waived, that appellee was elected commissioner of highways in road district No. 3, April 4, 1905, to fill a vacancy, and that he duly qualified and continues to act in that capacity; that the town of Lemont is organized under the general township laws and is divided into three road commissioner's districts, the boundaries of which do not conform to the four election districts of the town; that appellee, before March 15, 1905, resided in election district No. 3 and road district No. 2; that on March 14, 1905, he rented a house which is in election district No. 4 and road commissioner's district No. 3, and on March 15, 1905, he moved into it with his family and personal belongings and has since the date last mentioned continuously lived there with his family; that he is a citizen of the United States, and for more than a year prior to April 4, 1905, had been a resident of the town of Lemont; that he did not vote at the election of April 4, 1905, and was not qualified to vote at that election for county or State officers; that highway commissioners are voted for by all the voters of the town.

On hearing, the circuit court found that appellee had not resided in the election district thirty days next preceding the town election, and was therefore not a legal voter and was ineligible to hold a town office. The circuit court entered judgment of ouster and for costs against the respond-

ent. This judgment was reversed by the Appellate Court, and the case was thereupon appealed to this court.

W. H. STEAD, Attorney General, and COBURN & CASE, for appellants.

F. M. KEOUGH, (DANIEL P. MURPHY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

On the facts stated was appellee eligible to the office of commissioner of highways of the town of Lemont? "No person shall be eligible to any town office unless he shall be a legal voter, and have been one year a resident of such town." (Hurd's Stat. 1905, chap. 139, art. 9, sec. 1, p. 2013.) It is contended that appellee is not a legal voter as the term is here used, unless he was qualified to vote on April 4, 1905, in the election district in which he then resided. This court, in *Williams* v. *Potter*, 114 Ill. 628, in discussing township elections, after referring to several sections of the law applying to such elections, stated (p. 633): "They [these sections] apply to town elections exclusively, and this fact must be kept constantly in view in the consideration of this case. Elections for other purposes, such as for State and county officers, are governed by the general Election law applicable to counties under township organization, which consists of different and independent statutory provisions, and the whole difficulty in this case has evidently arisen from confounding the two systems pertaining to elections in counties under township organization." This reasoning applies with great force to the questions now under consideration in this case.

It is earnestly contended that the statutes have been so changed since that decision was rendered that the reasoning there does not apply to the present case, particularly section 30 of chapter 46, entitled "Elections," (Hurd's Stat. 1905, p. 860,) which provides: "No person shall be permitted to

vote at any election except in the district in which he resides." The election under discussion in *Williams* v. *Potter, supra,* took place April 7, 1885. Paragraph 31 (chap. 46) of the Election law (1 Starr & Cur. Stat. 1885, p. 1005,) then provided: "The voters of such precinct shall not be permitted to cast their vote at any other district of the precinct excepting in the election district in which they reside." Section 1 of article 7 of the constitution provides: "Every person having resided in this State one year, in the county ninety days, and in the election district thirty days next preceding any election therein, * * * who shall be a male citizen of the United States, above the age of twenty-one years, shall be entitled to vote at such election." Section 65 of chapter 46, "Elections," (Hurd's Stat. 1905, p. 867,) has substantially copied the provisions of the constitution just quoted in giving the qualifications of voters. Both this section of the Election law and the provision of the constitution as to the qualification of voters have now exactly the same wording that they had in 1885, when the decision in *Williams* v. *Potter, supra,* was made. Section 7 of article 7 of the Township law (2 Starr & Cur. Stat. 1885, p. 2417,) as it stood at the time *Williams* v. *Potter* was decided is largely the same as the same section of the Township law as it now stands, (Hurd's Stat. 1905, p. 2011,) the chief difference being, that in 1885, when there was more than one voting place in a town, there were separate ballot-boxes for each polling place to receive the ballots as to the town officers, and these boxes were all taken to one place in the town and opened and canvassed together, and under the present law, while the ballots are placed in separate ballot-boxes, they are canvassed in each district by the officers there in charge, and separate certificates and poll-lists, together with the ballots, are sealed and transmitted to the town clerk, and thereafter the returns are canvassed by the town officers the same under the present law as they were under the law in April, 1885. What is said here as to these two sections does

not refer to that part of the present statute applying to a town which lies wholly within the limits of an incorporated city or whose territorial limits are co-extensive with the territorial limits of any incorporated city, village or incorporated town. The town here in question does not come within either of these exceptions, and we do not attempt to construe this section of the Township law as to these exceptions in discussing the case. The general Election law in force in April, 1885, provides as to the places where the election shall be held. After stating that the county board could designate such places, it says that "all general and special elections shall be held at the places so designated and established." (1 Starr & Cur. Stat. 1885, p. 1005.) The present law, as amended in 1903, (Hurd's Stat. 1905, p. 860,) reads on this subject as follows: "The county board in every case shall fix and establish the places for holding elections in its respective county and all general and special elections, *town meeting elections or town elections,* shall be held at the places so fixed."

We have examined with care the various laws, together with the changes and amendments, bearing on this discussion since the decision in *Williams* v. *Potter, supra,* and we think it plain that then, as now, the law intended the county board to fix the polling places for State, county and town elections, and that they should be the same for all elections. The general Election law, when that decision was rendered, required, as it does now, that no person should be permitted to vote except in the district in which he resided. The only possible chance to argue that there is any practical difference in the general Election law and the Township law covering this question now from these laws then, would be upon the insertion in that portion of the general Election law just quoted, of the words "town meeting elections or town elections." In 1903, when the legislature made this amendment, did they intend to set aside the town election law on this subject and the decision of this court construing the same? We think not. By the various amendments that have been made

to the general and town election laws bearing on this subject, the legislature in the last twenty years has been trying to make the two laws fit into each other, so that no claim could be made that the same polling place should not be used for all elections. Manifestly, there was no intention, by the insertion of these words in the general law, to add any voting qualifications, but simply to make clear the fact that all elections, including "town meeting elections or town elections," should be held at the same place. The words "district" and "precinct," as used in the Election law since the present constitution was adopted, have not always been used with the same meaning. Sometimes they have been so used that the word "precinct" meant a larger territory than the word "district," a district being a subdivision of a precinct. This is usually, but not always, the case in the general Election law. Sometimes they have been used so that the word "precinct" covered a smaller territory than the word "district." This is the case with reference to the Election act passed in 1885, now in force in the city of Chicago, when taken in connection with certain primary laws, although generally in primary laws the term "primary district" is used. Sometimes "district" and "precinct" are used interchangeably, as will be shown from a careful reading of the present general Election law. They will be found to be so used in paragraph 30 of chapter 46, (Hurd's Stat. 1905, p. 860,) hence the meaning of these words must be gathered very largely from the connection in which they are used in each instance.

For the purpose of town elections only, polling places and election districts in the town of Lemont have been established by the county board, under the law, solely for the convenience of the voters. For that election the entire town, as to the qualifications of the electors, is considered one voting district. A voter who has resided in the town for thirty days next preceding the town election, and who has all the other qualifications necessary to make him a legal voter, can vote at such town election for town officers at the polling

place in the election district in which he actually resides on the day of election, regardless of the length of time he has previously resided in that particular election district of the town, but he cannot vote at any other polling place than that of the election district in which he then resides. Whatever is said in *Williams* v. *Potter, supra,* apparently not in harmony with this conclusion was unnecessary to the decision of that case. Under the gradual changes that have been made in the law where towns have been divided for the purpose of voting for town officers, the annual meeting now consists of two distinct lines of work: First, the election of town officers (the voters of each election district voting at the official polling place established for their convenience by the county board in that election district) and the canvass and return of these votes and results as provided in the law; second, the business part of the town meeting, which is to be held at two o'clock at the particular polling place designated by the proper authority. The legislature never intended that any voter should be qualified to take part in the general business of a town meeting and not be qualified to assist in the election of town officers. Appellee was a *bona fide* resident of the road commissioner's district for which he was elected highway commissioner on April 4, 1905. He was a legal voter of the town for all town matters.

The conclusion that we have reached on this question renders unnecessary a discussion of the other points raised in the briefs.

What is said here does not apply to any other than town elections. For State, county, city and village elections the voter, in addition to all other legal qualifications, must have resided thirty days next preceding the election, in the election district in which he votes.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*