ANDREW DONOVAN, Appellant, *vs.* FRANK D. COMERFORD, Appellee.

*Opinion filed October 25, 1928.*

A. D. GASH, for appellant.

GRENVILLE BEARDSLEY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county sustained a demurrer to a petition of Andrew Donovan to contest the election of Frank D. Comerford as judge of the superior court of Cook county at the June election, 1927, dismissed the petition and entered judgment against the petitioner for costs, and the petitioner has appealed.

The right to contest an election is given and controlled wholly by statute and is confined exclusively to an elector of the State, judicial division, district, county, town or precinct for which the person whose election is contested has been declared elected, and a petition to contest which fails to show that the petitioner is an elector is subject to demurrer. (*Blanck* v. *Pausch,* 113 Ill. 60; *Masterson* v. *Reed,* 172 id. 37; *Adams* v. *McCormick,* 216 id. 76; *Clarke* v. *Bettenhausen,* 296 id. 373.) The petition in this case does not show the appellant's qualification, under the statute, to contest. It neither alleges that the petitioner is an elector nor states facts showing him to be one. Its allegations in this regard are, that he is a citizen and resident of Cook county, Illinois, and an attorney at law duly admitted to practice in the State of Illinois, and has been such for more than ten years last past. Citizenship and residence, alone, do not make one an elector. An elector is a qualified voter. Section 1 of article 7 of the constitution provides: "Every person having resided in this State one year, in the county ninety days, and in the election district thirty days next preceding any election therein, * * * who shall be a male citizen of the United States, above the age of twenty-one years, shall be entitled to vote at such election." Since the nineteenth amendment to the constitution of the United

States the disability of women under this section has been removed. Since the petition in the present case contains no allegation showing that the petitioner had been a resident of any election district for thirty days next preceding the election it is fatally defective.

The appellant contends that by the City Election law, under whose provisions elections are held in the city of Chicago, that city was created the one and only election district for the territory of Chicago of which the voters in that city are electors. That law is effective in Chicago and in various other cities of the State by virtue of a referendum to the people of the respective cities which have adopted it and applies exclusively to such cities, but the fact that it does so apply does not constitute the adopting city a district within the contemplation of the constitutional and statutory provisions in regard to the qualification of voters. A district is a division of territory made for administrative, electoral or other purposes, and an election district has been generally supposed to mean the territory constituting a voting district or precinct. At the time the constitution of 1870 was adopted the statute provided that the county courts of the various counties in the State were authorized to divide their counties into as many election precincts as they might think expedient for the voters of the county and to designate the house or place in each precinct at which elections were to be held, the precincts and places of holding elections so established to remain until changed by the county commissioners' court, and no person should be entitled to vote at any election under the laws of this State, excepting under charters for cities or incorporated towns, unless he should have actually and in good faith resided in the election precinct or district in which he offered his vote, for thirty days immediately preceding such election; and every person offering to vote who was not personally known to the judges and inspectors of election to have such permanent abode and reside in such election dis-

trict for the space of thirty days immediately preceding such election, should, if his vote were challenged, swear to his place of residence, specifying the particular place and house in which he resided, how long he had resided there, and if he had not resided in such house for thirty days immediately preceding the election he should state where and in what house he had resided for the last thirty days, and should also be required to produce two witnesses personally known to the judges of election and resident in the precinct, district or ward, or approved by some legal voter or voters in the precinct or district in which such vote is offered, who should be known to the judges, each of whom should swear that the voter whose vote was offered was an actual, *bona fide* resident of the election district and had resided in the State for one year last past. In case a new election district should be formed for the organization of a new town or the division of any town or ward or the incorporation of a city or town, the judges or inspectors of the election in the new district thus formed should make their registry of electors, which should embrace the names of such persons as were known to be electors in their district. These were the only election districts or precincts known to the law, and it is apparent that the words were used synonymously, the co-ordinating particle "or" here joining alternative terms expressing the same thing and not different things. The constitution of 1870 in declaring the qualification of voters used only one term, "election district," and that term has the same meaning as the words "precinct" and "district" in the statutes enacted before 1870.

Sections 29, 30 and 31 of the General Election law of 1872 provided:

"Sec. 29. The election precincts established in counties not under township organization, before the taking effect of this act shall remain until changed by the county board.

"Sec. 30. The county board of such counties may, from time to time, change the boundaries of election precincts,

and may erect and establish one or more new election precincts, and may designate and change the places of holding elections. All general and special elections shall be held at the places so designated.

"Sec. 31. In counties under township organization, each town shall constitute an election precinct, but the county board may divide any town into as many election districts as the convenience of the people may require, defining the same by distinct boundaries and numbers, and may, from time to time, designate the places at which elections shall be held. All general and special elections shall be held at the places so designated." In this section "district" indicates a smaller territory than precinct.

Since the adoption of the constitution of 1870 the word "district" has been used in legislation concerning elections to describe a smaller territory than the word "precinct," a district being a subdivision of a precinct, and this is so in the General Election law. Sometimes the two words have been used interchangeably, as in section 30 of the General Election law, providing for the division of precincts containing more than 800 voters into districts containing, as near as practicable, 500 voters, and consisting of contiguous territory in as compact form as can be for the convenience of the voters therein. As often thereafter as it shall appear from the number of votes cast at the general election in November of any year that any election district or undivided election precinct contains more than 800 voters, the county board is required to re-divide or re-adjust such election district or election precinct so that no district or election precinct shall contain more than the number of voters specified. The section then continues with various further details in which the phrase "election districts or election precincts" is repeated several times, with no distinction in meaning of the words "district" and "precinct." The meaning of these words ("district" and "pre-

cinct") must be gathered very largely from the connection in which they are used in each instance. (*People* v. *Markiewicz,* 225 Ill. 563.) They have no technical meaning. "Election district" is defined by Webster as a district created for purposes of election, and "election precinct" by the Standard Dictionary as a subdivision of a town or city in which electors vote. Each is a defined portion of territory established for election purposes. A precinct is necessarily a district. The constitution contains no definition of the election district in which a person must have resided thirty days next preceding any election to be entitled to vote at such election. The establishment of such district is left for the legislature to fix by law. The district to which the constitution refers is the voting district established by law. Every person having the other qualifications required by the constitution who has resided in such a voting district thirty days next preceding an election is entitled to vote in that district and no other. Such a district, outside the places which have adopted the City Election law, is the precinct, and, if the precinct has been divided into districts, is the district in which he resides. (*People* v. *Markiewicz, supra.*) The City Election law has provided for the establishment of precincts in which resident qualified electors shall be entitled to vote and not elsewhere, and these precincts are the election districts in places which have adopted that law to which the constitution refers.

Since the petition failed to show that the petitioner was an elector of the county of Cook the demurrer was properly sustained, and the decree is affirmed.

*Decree affirmed.*