(Nos. 20108, 20109, 20111.— ▮)
BEATRICE NESLADEK, Appellee, *vs.* FRANK KANKA, Appellant.—LILLIAN YOUNG, Appellee, *vs.* WILLIAM SVOLBA, Appellant.—MAY HULES, Appellee, *vs.* LADDIE J. SCHUBERT, Appellant.

*Opinion filed October 25, 1930.*

CHARLES J. MICHAL, for appellants.

URBAN A. LAVERY, for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

At an election held in the village of Stickney, in Cook county, on April 16, 1929, the three appellants, Frank Kanka, William Svolba and Laddie J. Schubert, were declared elected as village trustees by the local canvassing board. The three appellees, Beatrice Nesladek, Lillian Young and May Hules, as electors of the village, on May 9, 1929, filed their separate petitions in the county court of Cook county under section 112 of the general Election act of 1872 (Cahill's Stat. 1929, p. 1169,) to contest the election. The records in the three cases are identical except the names of the parties. Each petition charges fraud, that illegal votes were cast and counted, that the legal votes cast were not properly counted, and that appellants were not elected. Each appellant filed a general and special demurrer to the petition filed against him, a written motion to dismiss and a special plea, all of which alleged that the county court was without jurisdiction. The demurrers and motions were overruled. Upon a hearing the ballots were counted, the court found that appellants were not elected, and appeals were prosecuted to this court, where they were consolidated.

The sole ground of reversal urged by appellants is that the county court was without jurisdiction to hear the cases, and that under the statute the board of trustees of the village was the sole judge of the election and qualification of its members.

It is apparently conceded that the village of Stickney was organized under the general City and Village act and that it never adopted the City Election act of 1885. Section 10 of article 4 of the City and Village act provides that the manner of conducting, and voting at, elections to be held under the act, and the contesting of the same, shall

be the same, as nearly as may be, as in case of the election of county officers under the general laws of the State. This court has held that elections in cities and villages are brought under the scope of the general Election law by reason of section 10 of article 4 of the City and Village act and not because of any reference in the general Election act to elections in cities and villages. (*Welsh* v. *Shumway,* 232 Ill. 54.) Section 6 of article 3 of the City and Village act provides that the city council shall be the judge of the election and qualification of its members. Section 8 of article 11 of the same statute provides that wherever the words "city council" or "mayor" occur in the act the same shall be held to apply to the trustees and president of such village so far as the same may be applicable. This court has held in a long line of cases, later referred to, that under the general City and Village act the city council of cities organized under the act has the sole authority to hear contests as to its members, and the board of trustees of organized villages under the same act has the same authority as to its members.

As we understand the position of appellees, it is not contended that the board of trustees of a village is not the sole judge of the election and qualification of its members, but it is contended that this rule of law only applies in cases where an unsuccessful candidate is contesting the election of a candidate who has been declared elected by the local canvassing board, and that this rule should not apply where the election is contested by an elector under section 112 of the general Election law, and that public policy requires that the courts have concurrent jurisdiction with the board of trustees of the village. Appellees state in their brief that there is no case in this State which squarely decides this question but that the clear tendency of the decisions is strongly in favor of sustaining the jurisdiction of the trial court; that the decisions hold that the powers and jurisdiction of the village board are concerned

only with the question of seating a member, and such power is cumulative and not exclusive; that the statutes and cases all indicate an intention to give the courts the widest jurisdiction in election cases and to resolve all questions of doubt in favor of allowing the ballot-boxes to be opened and the votes to be counted; that the public interest is the dominating question, and the statute should be liberally construed so as to preserve the sanctity of the ballot.

All election contests are governed by statute, and the contest must be in the forum, at the time and in the manner provided by statute. (*Donovan* v. *Comerford,* 332 Ill. 230; *Clarke* v. *Bettenhausen,* 296 id. 373; *Adams* v. *McCormick,* 216 id. 76; *Masterson* v. *Reed,* 172 id. 37.) Section 112 of chapter 46 of our statutes (Cahill's Stat. 1929, p. 1169,) provides that the election of any person declared elected to any office, other than certain State officers therein enumerated, may be contested by any elector of the State, judicial division, district, county, town or precinct in and for which the person is elected. Section 113 provides that the person desiring to contest such election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement in writing setting forth the points on which he will contest the election, which statement shall be verified by affidavit in the same manner as bills in chancery may be verified. Section 114 provides that upon the filing of such statement summons shall issue against the person whose office is contested, and he may be served with process or notified to appear in the same manner as is provided in cases in chancery. Sections 115 and 116 provide how the evidence may be taken and how the trial shall be conducted. Section 98 of the same chapter provides that the county court shall hear and determine all contests of election of all of the county, township and precinct officers and all other officers for the contest of whose election no provision is made. Section 97 of the same chapter confers jurisdiction on

the circuit court to hear contests in certain cases, including mayors of cities and presidents of villages. All of these sections are a part of the original Election law of 1872.

In *Linegar* v. *Rittenhouse*, 94 Ill. 208, a petition was filed in the county court to contest the election of an alderman. This court in that case had under consideration what is now section 113 of the Election law. After quoting sections 113, 114 and 115 it was said: "These sections point out the mode, and we can see no great inconvenience, by a few slight changes, in rendering it entirely practicable for the city council to try such a contest. The petition can be filed with the city clerk, the notice can be given to appear before the city council, and depositions taken and returned to the council under these sections and a trial had by that body." It was held that the county court had no jurisdiction to hear the contest of an election for alderman in a city organized under the general laws for the incorporation of cities and villages, and that such jurisdiction was conferred upon the city council by the section of the statute which makes the council the judge of the election and qualification of its members.

In *Foley* v. *Tyler*, 161 Ill. 167, which was a contest filed in the county court for village trustee, it was held that the county court had jurisdiction to hear contested elections as to the officers of villages organized under the general City and Village act, and that the court had jurisdiction to hear a contest as to a president and clerk of a village but not as to a trustee. On page 175 it was said: "Section 6, chapter 24, article 3, of the Cities and Villages act, provides that 'the city council shall be judge of the election and qualification of its own members.' Under that section we have held that county courts have no jurisdiction to hear the contest of an election in respect to the office of alderman, and for the reason that such jurisdiction is conferred upon the city council."

In *Baker* v. *Shinkle*, 249 Ill. 154, a petition was filed in the county court to contest the election of the trustees of a park district in Springfield under section 112 of the statute. On page 159 it was said: "In construing these sections of the statute, in order to find the intent of the legislature we should give the ordinary meaning to the words. To hold, as contended for by counsel for appellant, that all officers who are not county, township or precinct officers must be excluded from the meaning of the phrase 'all other officers,' would be, as was said in *Misch* v. *Russell*, 136 Ill. 22, to render these words wholly meaningless and of no effect. The doctrine of *ejusdem generis* can only be used as an aid in ascertaining the legislative intent. * * * Under any reasonable application of the rule we are now considering, the phrase 'all other officers' must be read 'all other like officers' for the contesting of whose election no provision is made, and the officers of any public corporation, whether municipal or quasi-municipal, must be held to be 'like officers.' "

In *Bowen* v. *Russell*, 272 Ill. 313, a petition was filed in the county court to contest the election of a commissioner of the city of Elgin, which was under the commission form of government. The county court held that it had no jurisdiction and dismissed the petition, and the judgment was affirmed. On page 316 this court said: "Beyond question, under the general City and Village act for the incorporation of cities and villages, the city council of cities organized under the act had the sole authority to hear contests as to its members, and the village trustees of organized villages had the same authority as to members of the board of trustees," citing cases. In *Lyons* v. *Becker*, 272 Ill. 333, a similar petition was filed in the circuit court to contest the election of city commissioners. The trial court held that it had no jurisdiction, and in affirming the judgment, on page 335 this court said: "It is conceded that under the old law (the general City and Village act) the city councils of cit-

ies organized thereunder had the sole authority to hear and determine election contests as to their members, and that the village trustees of organized villages had the same authority to hear and determine contests as to members of the board of trustees. This court has frequently so decided."

A finding by the board of trustees of a village on the contest of an election for the office of trustee does not bar the remedy of the people by an information in the nature of *quo warranto* to oust the successful candidate from office. In *People* v. *Altenberg,* 260 Ill. 191, an information in the nature of *quo warranto* was filed in the circuit court of DeKalb county to inquire by what authority the defendant held the office of alderman of the city of Genoa. This proceeding was instituted after the city council had decided a contested election case involving the same office. On page 192 the court said: "Common law courts of general and original jurisdiction have the power to inquire into the regularity òf elections by an information in the nature of *quo warranto.* This jurisdiction remains even though statutes provide special proceedings for the contest of elections, unless 'it appears with unequivocal certainty that the legislature intended to take it away.' (1 Dillon on Mun. Corp.—5th ed.—sec. 379; McCrary on Elections,—4th ed.—sec. 380.) While a contrary rule has been followed in some jurisdictions, the better considered doctrine, however, undoubtedly is that the existence of the statutory remedy does not oust the jurisdiction of the courts by *quo warranto* or prevent the people from resorting to this remedy to determine questions of usurpation of public offices." To the same effect are *Pierce* v. *People,* 197 Ill. 432, *Massey* v. *People,* 201 id. 409, and *Snowball* v. *People,* 147 id. 260.

The board of trustees of the village of Stickney had exclusive jurisdiction to determine the election and qualification of its members and the county court improperly

assumed jurisdiction. Its judgments are reversed and the causes remanded, with directions to dismiss the petitions.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*