(No. 25419.—

W. J. HARDING *et al.* Appellants, *vs.* CHRIS ALBERT *et al.*
Appellees.

*Opinion filed December 15, 1939—Rehearing denied Feb. 13, 1940.*

JAMES S. BALDWIN, (PERLEY T. LUPTON, of counsel,)
for appellants.

WEILEPP & WILSON, for appellee Earl V. Smith.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Chris Albert, Beecher Hughey, John L. Rehfelt and Earl V. Smith, in April, 1938, were elected commissioners of the city of Decatur. The appellants, who are electors, filed a petition in the circuit court of Macon county to contest their election. The successful and defeated candidates were made defendants. The court, on motion, dismissed the petition, and the point for decision is whether an elector of a city operating under the Commission Form of Municipal Government act can contest the election of a commissioner.

The petitioners alleged that the city of Decatur was organized under the Cities and Villages act, and, prior to January 1, 1931, adopted the commission form of government in the manner provided therein by article 13. (Ill. Rev. Stat. 1939, chap. 24, par. 265, *et seq.*) It is not claimed the city ever adopted the City Elections act of 1885. (Ill. Rev. Stat. 1939, chap. 46, par. 159.) Section 1 of the Commission Form of Municipal Government act provides, among other things, that all cities and villages adopting said act shall, "In addition to all rights, powers and authority in them vested, under and by virtue of said acts," (meaning the general Cities and Villages act and all acts amendatory thereto,) "have and they are, hereby vested with the further and additional rights, powers and authority contained in this act," etc. The city, upon the adoption of the act, retained the power and authority vested in it under the Cities and Villages act, subject, however, to any changes made by the Commission Form of Municipal Government act. The only provision in the last mentioned act which bears upon the contest of an election of a commissioner is sub-paragraph (e) of section 18 of article 13. (Ill. Rev. Stat. 1939, chap. 24, par. 282.) It reads: "All general and special municipal elections * * * shall be held, conducted and contested under the election law in force in such city,"

, etc. Section 10 of article 4 of the Cities and Villages act, provides that the manner of conducting and voting at elections to be held under the Cities and Villages act and contesting the same, etc., "shall be the same, as nearly as may be, as in the case of the election of county officers, under the general laws of this State," etc. (Ill. Rev. Stat. 1939, chap. 24, par. 60.)

In *Welsh* v. *Shumway,* 232 Ill. 54, this court held that elections in cities and villages are brought under the scope of the general Election law by reason of section 10 of article 4 of the Cities and Villages act and not because of any reference in the general Election law to elections in cities and villages. This holding was restated in *Nesladek* v. *Kanka,* 341 Ill. 180.

Section 112 of the general Election law, (Ill. Rev. Stat. 1939, chap. 46, par. 115,) includes elections to county offices in the general designation of elections which may be contested and provides: "The election of any person declared elected to any office, * * * may be contested by any elector of the State, judicial division, district, county, town or precinct in and for which the person is declared elected." Appellees urge that the failure of this section to include cities as one of the governmental subdivisions from which an elector may contest an election, renders the statute inapplicable to a proceeding to contest the election of a city commissioner. Such construction would render the contest provisions in sub-paragraph (e) of section 18 of the Commission Form of Municipal Government act, and section 10 of the Cities and Villages act, a nullity, because no other statutory provision grants to an elector or defeated candidate the right to contest the election of a commissioner.

In construing the applicable sections of various acts involved, the court must, if possible, ascertain and give effect to the intent of the legislature. Where the spirit and intention of the legislature in adopting the acts are clearly expressed and their objects and purposes are clearly set forth,

the courts are not confined to the literal meaning of the words used, when to do so will defeat the obvious intention of the legislature and result in absurd consequences not contemplated by it. In such cases, the literal language of the statute may be departed from and words may be changed, altered, modified and supplied, or omitted entirely, if necessary to obviate any repugnancy or inconsistency between the language used and the intention of the legislature as gathered from a consideration of the whole act and the previous condition of legislation upon that subject. (*People v. Fox,* 269 Ill. 300.) In *Bowman v. Industrial Com.* 289 Ill. 126, this court said that the intention of the legislature "is to be gathered from the necessity or reason for the enactment and the meaning of the words, enlarged or restricted according to their real intent. In seeking this intention the court will always have regard to existing circumstances, contemporaneous conditions, the object sought to be attained by the statute and the necessity or want of necessity for its adoption. It must also have in mind the language used by the legislature, the evil to be remedied and the object sought to be attained. In construing a statute the court will not be confined to its literal meaning. A thing within the intention is regarded within the statute although not within the letter. A thing within the letter is not within the statute if it is not within the intention. When the intention has thus been ascertained from the reading of the statute, words may be modified or altered so as to obviate all inconsistencies with such intention."

The legislative policy of this State is to authorize election contests by electors residing in the district or subdivision affected by the election. Thus, under section 117 of the general Election law, (Ill. Rev. Stat. 1939, chap. 46, par. 120,) if a constitutional amendment, a bond issue, a question of public policy or any public measure has been submitted to a vote of the people, the result of the election, as declared by the proper canvassing board, may be con-

tested by any five electors of the State or subdivision thereof in which the election was held. One elector of the State may contest the election of the Governor or of other State officers enumerated in section 99 of the general Election law. (Ill. Rev. Stat. 1939, chap. 46, par. 102.) Any qualified elector of the senatorial district may contest the election of a member of the General Assembly from that district by virtue of section 105 of the same law. Ill. Rev Stat. 1939, chap. 46, par. 108.

It is evident, from the enactment of sub-paragraph (e) of section 18 of the Commission Form of Municipal Government statute, section 10 of article 4 of the Cities and Villages act, and section 112 of the general Election law, that the legislature intended the election of a commissioner in a city, operating under the commission form of government, could be contested in the same court, and under the procedure adopted for the contesting of election of county officers. Proceedings to contest an election to office were unknown to the common law, consequently they are purely statutory. The contest must be in the designated forum, at the proper time and in the manner provided by statute, (*Donovan* v. *Comerford,* 332 Ill. 230; *Clarke* v. *Bettenhausen,* 296 id. 373;) and must be brought by the person or persons possessing the qualifications specified by statute. (*Blanck* v. *Pausch,* 113 Ill. 60.) It is within the well-established rules of statutory construction to hold that the legislature in enacting sub-paragraph (e) of section 18, authorizing, under the general Election law, contests of the election of a commissioner, intended, under section 112 of the general Election law to bestow upon any elector of the city where the election was held, the right to contest such election.

The decree of the circuit court of Macon county is reversed and the cause remanded, with directions to overrule appellees' motion to dismiss.

*Reversed and remanded, with directions.*